**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

|  |  |
|---|---|
| Arman Motiwalla,<br><br>      Plaintiff,<br><br>v.<br><br><br>Bank of America, N.A., and Equifax<br>Information Services, LLC,<br><br><br>      Defendants. | Case No.: 0:25-cv-60437<br><br>**COMPLAINT**<br><br>***JURY TRIAL DEMAND*** |

## I.  INTRODUCTION

1.  This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.     PARTIES

2.  At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3.  Defendant, Bank of America, N.A., (hereinafter "BANA") is a corporation existing and operating under the laws of the State of Florida and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

4.  At all times pertinent hereto, BANA was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Florida.

6. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Florida.

7. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

8. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

9. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

10. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as Defendants do business in Florida.

12. Personal jurisdiction exists over Defendants as Defendants have the necessary minimum contacts with the state of Florida, and this suit arises out of specific conduct with Plaintiff in Florida.

### IV. FACTUAL ALLEGATIONS

13. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants BANA and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

14. Equifax is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

15. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

16. Equifax has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

17. After reviewing Plaintiff's consumer report Plaintiff discovered the Plaintiff's BANA account, account ending 9894 (the "Account") being reported in error – specifically it was being reported as having a balance due after Plaintiff settled and paid off the Account.

18. Plaintiff settled and paid off the Account by entering into an agreement and submitting payments to Andreu, Palma, Lavin, and Solis, PLLC, a debt collector hired by BANA to collect on the Account.

19. Despite receiving the full benefit of the settlement on the Account, Defendant BANA continues, erroneously, to report the Account with a balance to Equifax, which is a CRA for Plaintiff's consumer report.

20. The inaccurate reported balance has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

21. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

22. In December 2024, Plaintiff sent a written dispute to Equifax (the "Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

23. Despite the clarity and detail provided in the Dispute, the Account balance continued to appear on Plaintiff's Equifax consumer report.

24. Upon information and belief, Equifax forwarded Plaintiff's Written Dispute to Defendant BANA.

25. Upon information and belief, BANA received notification of Plaintiff's Written Dispute from Equifax.

26.     BANA did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Account.

27.     Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

28.     Upon information and belief, BANA failed to instruct Equifax to remove the false information regarding the Account reporting on Plaintiff's consumer report.

29.     Equifax employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Written Dispute.

30.     At no point after receiving the Dispute did BANA and/or Equifax communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

31.     Equifax relied on its own judgment and the information provided to it by BANA rather than grant credence to the information provided by Plaintiff.

32.     Equifax published the false information regarding the Account to third parties.

### COUNT I – EQUIFAX

#### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

33.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

34.     After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

35.     Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

36.     As a result of this conduct, action and inaction of Equifax Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

37.     Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

38.     In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

39.     Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT II – EQUIFAX**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)**

40.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

41.     After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

42.     Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

43.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

44.     Equifax's conduct, action, and inaction was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

45.     In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

46.     Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – BANA

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

47.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

48.     After receiving the Dispute, BANA failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

49.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant BANA's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant BANA's representations to consumer credit reporting agencies, among other unlawful conduct.

50.     As a result of this conduct, action, and inaction of Defendant BANA, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51.     Defendant BANA's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52.     In the alternative, Defendant BANA was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

53.     Plaintiff is entitled to recover costs and attorney's fees from Defendant BANA pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:      March 6, 2025

> */s/ Trescot Gear*
> Gear Law, LLC
> 711 S. Howard Ave. Unit 200
> Tampa, FL 33606
>
> Mailing Address:
> McCarthy Law, PLC
> 4250 North Drinkwater Blvd, Suite 320
> Scottsdale, AZ  85251
> Telephone: (602) 456-8900
> Fax: (602) 218-4447
> Attorney for Plaintiff